**Gurinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72623.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 1, 2008.

Garish Sarin, for Petitioner.

Kiley L. Kane, Lisa M. Arnold, Mary Jane Candaux, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Gurinder Singh, native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's findings and reasoning, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005). We review for substantial evidence, reversing only if the evidence compels the result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition for review and remand.

The inconsistencies, assuming they exist, between Singh's application and his hearing testimony regarding the police's statement to his father, and the amount of time he lived in Bombay, either do not enhance his claims, or are minor and do not go to the heart of his claims. *See Wang v. Ashcroft,* 341 F.3d 1015, 1021–22 (9th Cir. 2003). The IJ's doubts about the note from Singh's doctor were purely conjectur-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

al, and the IJ failed to address Singh's explanation for the note's grammatical errors and misspellings. *See Kaur v. Ashcroft,* 379 F.3d 876, 886–87 (9th Cir.2004). Therefore, substantial evidence does not support the IJ's adverse credibility determination. *See id.*

We grant the petition for review and remand for the agency to consider whether, taking Singh's testimony as true, he has shown eligibility for asylum, withholding of removal, and relief under the CAT. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED AND REMANDED.**

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Carol Federighi, M. Jocelyn Lopez Wright, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.